UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 09-7823 DSF (CWx) | Date | 4/7/10 |
|---|---|---|---|
| Title | RML Jackson, LLC v. Excelled Sheepskin & Leather Coat Corporation, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Motion to Stay (Docket No. 28)

Defendant Excelled Sheepskin & Leather Coat Corporation has moved to stay this case pending the outcome of several proceedings before the Trademark Trial and Appeal Board ("TTAB") involving the trademarks at issue in this case and other related trademarks. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 12, 2010, is removed from the Court's calendar.

The Ninth Circuit has made clear that stays of trademark infringement cases to await the result of TTAB proceedings are disfavored.

> We agree with the Second Circuit that some situations might justify deferring a declaratory judgment case when related TTAB proceedings are pending; specifically, where the "district court action involves only the issue of whether a mark is entitled to registration," it might make more sense to resolve the registration claims at the TTAB first. On the other hand, if, as here, a potential infringement claim "requires the district court to resolve much or all of [the registration issues], it would waste everyone's time not to settle the registration issue now[, in district court]."

Rhoades v. Avon Prod. Inc., 504 F.3d 1151, 1165 (9th Cir. 2007) (quoting Goya Foods, Inc. v. Tropicana Prod., Inc., 846 F.2d 848, 853-84 (2d Cir. 1988) and PHC v. Pioneer Healthcare, 75 F.3d 75, 81 (1st Cir. 1996)) (emphasis added; brackets in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Rhoades holds that "[t]he deciding factor should be efficiency; the district court should exercise jurisdiction if this course is more efficient; otherwise, not." Id. (internal quotation marks omitted). However, the discussion of the relative strengths of district court actions and TTAB actions shows that allowing a district court action to proceed is almost always more efficient than a stay. See generally Rhoades, 504 F.3d at 1162-65.

While stays are not necessarily strictly restricted to cases where only registration is at issue, a proper candidate for a stay has limited issues beyond the registration issues handled by the TTAB such that resolution of the registration issue would, as a practical matter, largely determine the outcome of the district court litigation. The issues here involve infringement, not only registration, and Rhoades directly indicates that such actions should not be stayed to wait for the TTAB:

> [W]here . . . a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO. Whether a litigant is seeking to halt an alleged infringement or, as in this case, seeking a declaration of non-infringement, it is entitled to have the infringement issue resolved promptly so that it may conduct its business affairs in accordance with the court's determination of its rights.

Rhoades, 504 F.3d at 1163 (quoting Goya Foods, 846 F.2d at 853-54).

Defendant presents no compelling argument that would distinguish this case from Rhoades or Goya Foods. Plaintiff seeks a declaration of non-infringement of Defendant's marks. It may be true that the resolution of the TTAB proceedings in favor of Defendant would make it unlikely that Plaintiff would proceed with use of the marks at issue. But this is probably true in most cases with parallel district court and TTAB proceedings. Nonetheless, Rhoades, following Goya Foods and PHC, approves of stays only in narrow circumstances that are not met here.

Plaintiff suggests that the test set out in Lockyer v. Mirant Corp., 398 F.3d 1098 (9th Cir. 2005), should apply to the motion for a stay. Even if the cases were somehow inconsistent, the Court believes that Rhoades governs the limited circumstance of stay requests related to pending TTAB proceedings. In any event, if the Court were to apply the Lockyer test, a stay would still be denied.

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Lockyer, 398 F.3d at 1110 (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

    As stated in Rhoades and Goya Foods, Plaintiff will suffer harm if forced to stay its declaratory relief action because a stay defeats the entire point of declaratory relief – to relieve the declaratory relief plaintiff from the threat of litigation. TTAB proceedings only determine the registration of marks; they do not prevent a party with a registered mark from being sued for infringement stemming from the use of the registered mark. See Rhoades, 504 F.3d at 1163-64. Therefore, even if Plaintiff were to prevail before the TTAB, it would still potentially require resolution of this suit to determine its rights vis-à-vis Defendant.

    "[I]f there is even a fair possibility that the stay will work damage to some one else, the party seeking the stay must make out a clear case of hardship or inequity." Lockyer, 398 F.3d at 1112 (quoting Landis v. North Am. Co., 299 U.S. 248, 255 (1936)) (internal quotation marks omitted). Defendant has not made its case. It only raises the insufficient argument that it would be prejudiced by being forced to defend this suit. See id. at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'")

    Finally, though it may be somewhat useful to have TTAB findings on point, few issues would likely be resolved by the TTAB proceedings because many of the issues are subject to relitigation in this Court with the TTAB findings being given no deference. See Rhoades, 504 F.3d at 1163-64.

    The motion to stay is DENIED.

    IT IS SO ORDERED.